# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| CECIL L. COHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:08CV234 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## CONSENT ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. SECTION 405 (g)

**THIS MATTER** is before the Court on Defendant's motion, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing the Commissioner's decision with a remand of the cause for further administrative proceedings. The Plaintiff has consented to entry of this Order.

Upon remand to the Commissioner, an Administrative Law Judge ("ALJ") is instructed to (1) reassess the evidence, including the medical source opinions, with respect to the severity and functional impact of Plaintiff's mental and physical impairments; (2) explain the weight he or she elects to give to the medical source opinions; (3) reassess Plaintiff's residual functional capacity ("RFC") consistent with Social Security Ruling 96-8p and provide rationale with specific reference to evidence of record in support of the assessed limitations; (4) consider Plaintiff's drug and alcohol abuse consistent with the requirements of 20 C.F.R. §§ 404.1535, 416.935; and (5) proceed through the sequential evaluation process and obtain vocational expert testimony if necessary. If the ALJ obtains vocational expert testimony, he or she should include all the limitations as stated in the RFC in the hypothetical question to the vocational expert.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the parties' joint request to remand this action for further proceedings,

**IT IS, THEREFORE, ORDERED** that the Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and this action is hereby **REMANDED** to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

The Clerk of the Court is directed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

Signed: January 22, 2009

Lacy H. Thornburg
United States District Judge